IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02766-GPG

KEITH FRAZIER,

    Plaintiff,

v.

MICHAEL MILLER, Warden, CCCF,
VICKI LEWIS, Librarian, CCCF,
VICKI BOSLEY, Mailroom Supervisor, CCCF,
SARA AAMODT, Step 2 Grievance Officer, CDOC,
ANTHONY DeCESARO, Step 3 Grievance Officer CDOC, and
RICK RAEMISCH, Executive Director, CDOC,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Keith Frazier, is a prisoner in the custody of the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Frazier has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights have been violated. The court must construe the Prisoner Complaint liberally because Mr. Frazier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Frazier will be ordered to file an amended complaint.

Mr. Frazier's claims in the Prisoner Complaint arose while he was incarcerated at the Crowley County Correctional Facility ("CCCF"). He first claims that CCCF Warden

Michael Miller violated his constitutional right to be free from retaliation "by issuing a memo indefinitely limiting [Mr. Frazier] to no more than $2.00 per month in outgoing legal mail postage." (ECF No. 1 at 3.) According to Mr. Frazier, Warden Miller imposed the restriction on postage for legal mail after Mr. Frazier "went above [Warden Miller's] head to contact the CCA corporate office, his attorneys Hall & Evans, L.L.C., and various state agencies including the Governor's Office, in an effort to pressure [Warden Miller] to reverse an unjust disciplinary conviction." (*Id.* at 2.) As relief for claim one Mr. Frazier asks that "Warden Miller's $2.00 monthly postage limit on the plaintiff's outgoing legal mail be immediately and forevermore repealed" (*id.* at 14 (citation omitted)), and that he be granted indigent status in order to qualify for free legal mail.

Mr. Frazier's second and third claims in the Prisoner Complaint assert violations of his constitutional right of access to the courts premised on enforcement of the legal mail postage limit. Mr. Frazier contends in claim two that he was hindered in his ability to litigate District of Colorado case number 10-cv-02534-CMA-KMT when CCCF Librarian Vicki Lewis prevented him from filing timely objections to a magistrate judge's recommendation in February 2013 because he already had reached his $2.00 legal mail postage limit for that month. Mr. Frazier contends in claim three that he was hindered in his ability to seek relief on appeal in July 2014 when CCCF Mailroom Supervisor Vicki Bosley prevented him from filing a timely petition for rehearing en banc in Tenth Circuit appeal number 13-1535 after a panel decision affirmed the dismissal of District of Colorado case number 13-cv-00891-LTB because he already had reached his $2.00 legal mail postage limit for that month. As relief with respect to claims two and three Mr. Frazier asks the Court to take whatever steps are necessary to have his

objections to the magistrate judge's recommendation in case number 10-cv-02534-CMA-KMT considered and to have the mandate recalled in appeal number 13-1535 so that his petition for rehearing en banc can be considered.  Alternatively, Mr. Frazier seeks damages to compensate him for his losses.

The Prisoner Complaint is deficient.  First, Mr. Frazier fails to allege specific facts that demonstrate each of the Defendants personally participated in the asserted constitutional violations.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  To the extent a particular Defendant merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").  To the extent Mr. Frazier is naming supervisory officials as defendants, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

The Prisoner Complaint also is deficient because Mr. Frazier fails to allege specific facts in support of his constitutional claims that demonstrate he is entitled to

relief. With respect to the retaliation claim, prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. Frazier must demonstrate: (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Mr. Frazier fails to allege facts that demonstrate he suffered an injury that would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

With respect to the access to the courts claims, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, a prisoner's access to the courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam). Mr. Frazier fails to allege facts that demonstrate he has suffered an actual injury in his ability to pursue a nonfrivolous legal claim.

For these reasons, Mr. Frazier will be ordered to file an amended complaint. Mr. Frazier should name as Defendants only those persons he contends actually violated his federal constitutional rights. Mr. Frazier "must explain what each defendant did to

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Frazier file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Frazier shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Frazier fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED November 20, 2014, at Denver, Colorado.

                                       BY THE COURT:

                                       S/ Gordon P. Gallagher

                                       _____
                                       United States Magistrate Judge