**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02766-CMA-MJW

KEITH FRAZIER,

    Plaintiff,

v.

MICHAEL MILLER, Warden, CCCF,
VICKI LEWIS, Librarian, CCCF,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING MAY 11, 2015
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 11, 2015 Recommendation by United States Magistrate Judge Michael J. Watanabe that Defendant Michael Miller's Motion to Dismiss (Doc. # 18) be granted. (Doc. # 28.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On May 26, 2015, Plaintiff filed a timely Objection to the Recommendation. (Doc. # 30.)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." *Id.* Because Plaintiff is proceeding *pro se*, the Court reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).

Plaintiff, an inmate incarcerated at the Colorado Crowley County Correctional Facility ("CCCF"), brought this action against various CCCF officials pursuant to 42 U.S.C. § 1983. Only Claims One and Two remain. Plaintiff's first claim alleges that Warden Michael Miller retaliated against him by placing a $2.00 monthly limit on outgoing legal mail postage, effectively blocking his access to the Courts. (Doc. # 1 at 2.) Plaintiff's second claim alleges that by enforcing the $2.00 postage limit, Defendant Lewis (a former employee of the Corrections Corporation of America), caused an essential pleading in one of Plaintiff's other legal actions before this Court, case no. 10-cv-2534, to be submitted late, "which led directly to his loss of that case." (*Id.* at 6.)

In his Recommendation, Magistrate Judge Watanabe found that Plaintiff failed to exhaust his administrative remedies with respect to either claim. Magistrate Judge Watanabe noted that Plaintiff's Step 1 Grievance was submitted on April 24, 2013 (Doc. # 28 at 11, citing Doc. # 1 at 37), and quoted a letter from Grievance Officer Anthony DeCesaro comprising the final decision as to Plaintiff's Step 3 grievance (*id.,* citing Doc. # 1 at 40). In pertinent part, Mr. DeCesaro stated:

> I have reviewed your Step 3 grievance that you filed with regard to a mail room issue.
>
> Your grievance is filed out of time. The time frame for filing grievances is outlined in Administrative Regulation 850-04. You have thirty days from when you knew or should have known of the facts giving rise to this

>    grievance. You became aware of this on 11/7/12 [but] did not file your Step 1 until 4/24/13.
>
>    You have failed to follow the grievance procedure in this matter; you have **not** exhausted your administrative remedies. This is the last administrative action in this matter.

(Doc. # 1 at 40.)

In objecting to Magistrate Judge Watanabe's Recommendation, Plaintiff makes three arguments. First, Plaintiff contends that the CCCF's grievance procedures, which provide a 30-day window of opportunity to file a grievance, effectively place him in a "Catch-22." Specifically, Plaintiff argues that he did not sustain an "actual injury" (i.e., he did not have a "grievable issue") until March of 2013, when this Court dismissed Case no. 10-cv-2534 and Plaintiff realized that his legal mail postage restriction would affect his ability to litigate in a timely fashion, noting that his grievance "wasn't over the $2.00 monthly postage restriction in and of itself, but rather, the fact that it began hindering his right of access to the courts." (Doc. # 18 at 1.) He asserts that had "grieved the fact that the Warden's $2.00 postage limit might potentially hinder his access to the courts, prior to anything tangible in that regard actually happening," the grievance would have been "denied out of hand on the grounds that the limit was a reasonable measure enacted in order to curb his debt to the department [of corrections] and that he hadn't demonstrated any harm having been done to himself by its implementation." (*Id.*)

Although this argument appears compelling at first blush, whether the Plaintiff believed he could or could not win the grievance at a particular moment is not the relevant benchmark for the timeliness of that same grievance. Rather, the benchmark,

as promulgated by the Department of Correction's Administrative Regulations, provides that an inmate has thirty days from when he or she "knew or should have known of the facts" giving rise to the grievance. Judge Watanabe specifically noted that Plaintiff **admitted,** in his Complaint and elsewhere, that he understood – **immediately** – that the postage restriction would have the potential to cause major problems for his legal cases if he needed to send a significant amount of mail in a particular month, but that despite this understanding, he waited until April to file a grievance.[1]  (Doc. # 18 at 12-13.) Judge Watanabe cited multiple letters drafted by Plaintiff and submitted in support of his Complaint, dated December of 2012 and February of 2013, indicating that he believed the postage restriction would affect his access to the Courts. (*Id.*)  Indeed, Plaintiff's own Objection makes a comparison between the postage restriction in this case and a photocopying restriction in another, and states that "**Just like in the instant action, [Plaintiff] knew the photocopy restriction had the potential to interfere with his pending cases the moment it was enacted**, but because he had no grounds for filing a grievance until an 'actual injury' had occurred, he refrained from doing so until such criteria was met several months after that." (Doc. # 30 at 3) (emphasis added).  Thus, Plaintiff's "Catch-22" argument fails.

Plaintiff also argues that Mr. DeCesaro is an "instrument of the CDOC, having the best interests of his employers in mind first and foremost, so of course he is going to find a way to deny [P]laintiff's grievance," and points to the fact that Mr. DeCesaro has

---

[1] Plaintiff claims that he actually attempted to file his grievance in March of 2013, rather than April, and that his case manager changed the date. Magistrate Judge Watanabe discussed this claim (Doc. # 28, n. 1) and Plaintiff did not object to his findings.

denied "every single one" of the approximately 80 grievances Plaintiff has brought in his 13 years of imprisonment. (Doc. # 30 at 1.) However, Mr. DeCesaro is not the final arbiter in determining whether Plaintiff administratively exhausted his claims; that task is for this Court, so any alleged bias on his part is irrelevant.

Lastly, Plaintiff argues that he lost Case No. 10-cv-2534 "due to the fact that the CCCF mailroom/Vicki Bosley had delayed forwarding the Magistrate Judge's Recommendations to him for 8 days, and then had delayed sending his response thereto back to the Court for an additional 6 days," and that this claim was "not associated with the grievance that this court to have been untimely filed, and so it is also being unjustly precluded from consideration in the Court's rush to conclude this matter." (Doc. # 30 at 4.) However, a close examination of Plaintiff's Grievance reveals that, in fact, he asserted that this delay was inextricably linked with the postage restriction:

> On 3/1/13 I was finally able to have an important 'Objection' in U.S. District Court Civil Action 10-cv-2584 mailed (after already having to wait 4 days due to said mail restriction. However, in the Court's ruling from 3/6/13, it mentioned that it ruled against me/dismissed my case because it never got that document. Your restriction is to blame for this. On 3/6/13, librarian Lewis said she won't send any mail out for me this month because I'm at my $2.00 limit already.

(Doc. # 1 at 37.) As such, this claim was properly dismissed by Judge Watanabe.

In sum, Magistrate Judge Watanabe correctly concluded that (1) Plaintiff knew of the facts giving rise to his grievance more than 30 days before he submitted his Step 1 grievance; (2) and plaintiff did not comply with the CDOC's deadline and thus did not

properly exhaust his claims. See *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory"); *see also Jones v. Bock*, 549 U.S.199, 210–12 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Based on the Court's *de novo* review of this matter, the Court concludes that Judge Watanabe's Recommendation is correct and is not called into question by Plaintiff's Objection. Accordingly, it is hereby ORDERED that Plaintiff's Objection (Doc. # 30) is OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 28) is AFFIRMED and ADOPTED as an order of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendant Michael Miller's Motion to Dismiss (Doc. # 18) is GRANTED. It is

FURTHER ORDERED that this case is DISMISSED in its entirety.

DATED:    May 29, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge